Tom Steenson OSB #74313
E-mail: gillian@sstlr.com
Michael Schumann OSB #74288
E-mail: *mike@sstlr.com*
Zan Tewksbury OSB #91165
E-mail: *zan@sstlr.com*
STEENSON, SCHUMANN,
TEWKSBURY, CREIGHTON
& ROSE, P.C.
500 Yamhill Plaza Building
815 S.W. Second Avenue
Portland, Oregon 97204
Phone: (503) 221-1792
Fax: (503) 223-1516

Of Attorneys for Plaintiffs and
Proposed Collective Action and
Proposed Class Action Representatives

FILED'05 APR 12 15:13USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PHILLIP C. COURTNEY,

Plaintiff,

vs.

NORTHWEST NATURAL,

Defendant.

CV '05 - 507 BR

Civil No.

COMPLAINT FOR DAMAGES (UNPAID OVERTIME UNDER FLSA; BREACH OF CONTRACT)

DEMAND FOR JURY TRIAL

## I

## INTRODUCTION

Pursuant to 29 USC § 207 ("FLSA"), plaintiff alleges he was unlawfully classified by defendant as an independent contractor, and thus deprived of his statutory right to receive





STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 S.W. 2nd Ave. #500
Portland, Or. 97204
Tel: (503) 221-1792

overtime pay. Plaintiff further alleges that defendant's actions in misclassifying him as an independent contractor constituted a breach of contract under state law, damaging plaintiff. On his overtime claim, plaintiff seeks his unpaid overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses. On his breach of contract claim, plaintiff seeks monetary damages incurred as a result of defendant's conduct .

## II

## JURISDICTION

2. This court has jurisdiction over plaintiff's claims by virtue of 28 USC §§ 1331, 1332, 1343, and 1367.

## III

## PARTIES

3. Plaintiff is a back hoe operator who formerly performed services on a regular basis for defendant.

4. At all times material herein, Defendant Northwest Natural ("NWN") has been an Oregon corporation engaged in the business of supplying natural gas to residential, commercial, and industrial customers in Oregon and southwest Washington.

## IV

## FACTS

5. Plaintiff regularly performed back hoe operator services in excess of 40 hours per week for NWNG for at least tweny-five years, from on or about 6/80 until on or about 12/04. At all times when plaintiff performed back hoe operator services for NWN, NWN classified him as



STEENSON SCHUMANN TEWKSBURY CREIGTHON and ROSE, PC
815 S.W. 2nd Ave. #500
Portland, Or. 97204
Tel: (503) 221-1792

an independent contractor, and not an employee.

6. At all times material, NWN had programs, accords, agreements, and plans in place which conferred extensive employment-related compensation, rights, and benefits upon its employees, including but not limited to: employment security; guaranteed wage rates and increases; paid vacation and disability leave; and health insurance coverage. In addition, all regular employees with at least five accredited years of service were fully vested in NWN's Retirement Plan ("the Retirement Plan").[1] Finally, NWN paid the employer's share of FICA taxes. As a result of NWN erroneously classifying him as an independent contractor, plaintiff received none of the foregoing compensation, rights, or benefits conferred upon employees of NWN.

7. At all material times, plaintiff was in fact and by law an employee of NWN and not an independent contractor, because, among other things:

A. NWN at all times directed and controlled all aspects of the work performed by plaintiff, including but not limited to the following: directing the hours and location of the work to be performed; telling plaintiff when to start and when to stop working; directing the type of work to be performed by plaintiff; setting uniform, non-negotiable rates of pay for plaintiff; requiring adherence to employment policies and procedures of NWN; requiring attendance at staff meetings; and retaining the right to terminate.

B. Plaintiff performed services for NWN solely or nearly solely during all times material, and thus was economically dependent upon NWN's continued employment.

---

[1]The Plan defines an accredited year of service as one in which an employee works at least 1,000 hours.



STEENSON SCHUMANN TEWKSBURY CREIGTHON and ROSE, PC
815 S.W. 2nd Ave. #500
Portland, Or. 97204
Tel: (503) 221-1792

C. The services provided by plaintiff were an essential and ongoing part of NWN's operation.

8. Since at least 1986, plaintiff and/or those performing precisely the same work as plaintiff under the same terms and conditions, have been judicially and administratively determined to be employees of NWN and not independent contractors. Despite knowing since 1986 it had misclassified plaintiff as an independent contractor, NWN deliberately continued to misclassify plaintiff in order to avoid paying him overtime as required by law, and/or to deny him benefits granted to its regular employees.

**V**

**FIRST CLAIM FOR RELIEF**

**(Fair Labor Standards Act /Failure to Pay Overtime)**

9. Plaintiff realleges the above.

10. In violation of the overtime requirements of the Fair Labor Standards Act ("FLSA"), 29 USC § 207, NWN failed to pay plaintiff overtime wages for weeks worked in excess of 40 hours. As a result, plaintiff is entitled to an award of his unpaid overtime wages with prejudgment interest in amounts to be determined.

11. Pursuant to 29 USC § 216(b), plaintiff should be awarded liquidated damages equivalent to the amount of his unpaid overtime wages.

12. Pursuant to 29 USC § 216(b), plaintiff is entitled an award of his reasonable attorney fees and litigation expenses/costs incurred herein.

**VI**

**SECOND CLAIM FOR RELIEF**



STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 S.W. 2nd Ave. #500
Portland, Or. 97204
Tel: (503) 221-1792

**(Breach of Contract)**

13. Plaintiff realleges the above.

14. NWN's compensation and benefits programs, accords, agreements, and plans, including the Retirement Plan, are contracts with employees of NWN. Plaintiff, as an employee in fact, is contractually entitled the compensation, rights and benefits conferred upon NWN employees. NWN's exclusion of plaintiff from these programs, accords, agreements, and plans, including the Retirement Plan, and the compensation, rights and benefits conferred upon its employees constitutes a breach of contract.

15. As a result of NWN's breach of contract as alleged herein, plaintiff has been damaged in the following ways, among others: by the value of what he would have received under NWN's Retirement Plan had he been properly classified as an employee; by amounts paid out of pocket by plaintiff for health insurance and treatment; by the value of paid vacation, holidays and sick days; and by amounts paid by him for what should have been the employer's share of FICA taxes.

WHEREFORE, plaintiff prays for the following relief:

1. For the court to exercise pendent jurisdiction over the state law claim herein;

//

//

//

//

//

//



STEENSON
SCHUMANN
TEWKSBURY
CREIGTHON
and ROSE, PC
815 S.W. 2nd Ave. #500
Portland, Or. 97204
Tel: (503) 221-1792

2. For an award of unpaid overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

3. For damages on the breach of contract claim in amounts to be determined.

4. All other relief to which plaintiff is entitled or which the court deems just.

Dated this April 12th, 2005.

PLAINTIFF DEMANDS A JURY TRIAL.

TOM STEENSON, OSB #74313
MICHAEL SCHUMANN, OSB #74288
ZAN TEWKSBURY, OSB #91165
Telephone: (503) 221-1792
Of Attorneys for Plaintiffs



STEENSON
SCHUMANN
TEWKSBURY
CREIGTHON
and ROSE, PC
815 S.W. 2nd Ave. #500
Portland, Or. 97204
Tel: (503) 221-1792